IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| REMOTE SOLUTION CO, LTD., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| FGH LIQUIDATING CORP. f/k/a | ) | |
| CONTEC CORPORATION, | ) | |
| | ) | |
| Respondent. | ) | |

**MOTION TO VACATE OR MODIFY ARBITRATION AWARDS**[1]

Petitioner Remote Solution Co., Ltd. ("Remote Solution") hereby moves, pursuant to 9 U.S.C. §§10, 12, for an Order in the form attached hereto vacating or modifying the arbitration awards issued in favor of FGH Liquidating Corp. f/k/a Contec Corporation "Contec"). Remote Solution offers the following information as is required in a Motion to Vacate or Modify an Arbitration Award:

1.    Remote Solution is a Korean entity based in Kimcheon, Korea.

2.    Contec is a corporation duly organized and existing under the laws of the State of Delaware, and so is subject to the jurisdiction of this Court. Contec's principal office is in Kimcheon, Korea.

---

[1] An action to vacate or modify an arbitration award must be commenced by means of a notice of motion instead of a Complaint. 9 U.S.C. §12; **Interior Finish Contractors Ass'n of Delaware Valley v. Drywall Finishers Local Union No. 1955**, 625 F.Supp. 1233, 1240 (E.D. Pa. 1985). This Court has eliminated notices of motion, and so petitioner files this motion.

3.	Remote Solution and Contec are both subject to a Manufacturing and Purchase Agreement dated February 16, 1999 between Contec L.P. and Hango Electronics Co., Ltd. (the former name of Remote Solution) (the "MPA"), which includes an arbitration provision.

4.	On July 11, 2004, Contec filed a Demand for Arbitration against Remote Solution with the American Arbitration Association.

5.	As such arbitration arose from commerce between Remote Solution in Korea and Contec in New York, it was within the scope of the Federal Arbitration Act, 9 U.S.C. §1, *et seq.,* and so is within the subject matter jurisdiction of this Court.

6.	The arbitrator issued an award addressing liability on July 26, 2005, and an award addressing damages on December 26, 2005.

7.	Remote Solution seeks an Order from this Court vacating or modifying the arbitrator's awards on the following grounds:

a.	The arbitrator exceeded his authority by failing to issue findings of fact and a statement of reasons for the decision on liability, as required by Section 19 of the MPA.

b.	The arbitrator manifestly disregarded the law, with notice thereof, and violated public policy by interpreting the MPA to require indemnification for patent infringement arising from the infringing conduct of Contec, as indemnitee, in the absence of clear, unequivocal language demonstrating an intent to permit such indemnification.

c.	The arbitrator (i) exceeded his authority by awarding Contec attorneys' fees expended in connection with litigation to stay the arbitration, by disregarding language

in the MPA that neither party shall be liable to the other party for indirect, incidental, special or consequential damages, and (ii) manifestly disregarded the law, with notice thereof, by granting attorneys' fees for such litigation where the MPA did not clearly provide for such fees.

      d.    The arbitrator exceeded his authority by disregarding clear, express language of the MPA that "in no event will the recovery of [the winner's] attorney's fees be in excess of the actual cost of the other party's attorney's fees," and awarding to Contec attorney's fees (for both the arbitration and the litigation to stay the arbitration) well in excess of the actual cost of Remote Solution's attorney's fees.

      e.    The arbitrator exceeded his authority by awarding Contec attorney's fees in connection with its confirmation of an interim award, notwithstanding that Contec had previously sought such fees from the District Court, was granted such fees, then had that grant revoked, and did not appeal the denial of such fees, rendering the decision *res judicata* and subject to collateral estoppel in the arbitration.

      f.    The arbitrator exceeded his authority by requiring Remote Solution to reimburse Contec for a portion of Contec's settlement agreement in the litigation styled *Philips Electronics North America Corp. & U.S. Philips Corp. v. Contec Corp., et al.,* D. Del., C.A. No. 02-123 (KAJ), notwithstanding express, unambiguous language in that settlement agreement to the effect that payment under that agreement was allocated to infringement arising from products manufactured for or sold to Contec by a manufacturer other than Remote Solution.

g. The arbitrator exceeded his authority and made a material mistake of fact in concluding that Remote Solution "appear[ed] to accept that $620,038 is the proper number for this offset," when Remote Solution clearly contested that figure and claimed that the proper figure for the offset should be $692,512.27.

8. Remote Solution shall set forth its arguments and authorities in support of this motion in a supporting brief and appendix to be filed separately, upon obtaining an Order from the Court permitting the filing of certain exhibits under seal.

WHEREFORE, for the foregoing reasons, Remote Solution Co., Ltd., respectfully requests that the Court enter an Order either vacating or modifying the arbitrator's award, and awarding Remote Solution Co., Ltd. its costs, including reasonable attorney's fees, along with such other a further relief as the Court deems just and equitable.

Dated: January 3, 2006

Respectfully submitted,

/s/ David L. Finger
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766
Attorney for Remote Solution Co., Ltd.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REMOTE SOLUTION CO, LTD., | ) |
| | ) |
|        Petitioner, | ) |
| | ) |
|     v. | )   C.A. No. _____ |
| | ) |
| FGH LIQUIDATING CORP. f/k/a | ) |
| CONTEC CORPORATION, | ) |
| | ) |
|        Respondent. | ) |

## **ORDER**

On this _____ day of _____, 2006, IT IS HEREBY ORDERED that the motion of Remote Solution Co., Ltd. to vacate the arbitration awards of July 26, 2005 and December 26, 2005, in the AAA arbitration matter styled *In the Matter of the Arbitration between Contec Corporation, Claimant v. Remote Solution Co., Ltd., Respondent, No. 50 T 133 00325 03*, is GRANTED.

_____
                   J.