IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| REMOTE SOLUTION CO., LTD., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-004 KAJ |
| | ) | |
| FGH LIQUIDATING CORP. f/k/a | ) | |
| CONTEC CORPORATION, | ) | |
| | ) | |
| Respondent. | ) | |

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

The present action relates to Contec Corporation v. Remote Solution Co., Ltd., AAA No. 50 T 133 00325 03, an arbitration before the International Centre for Dispute Resolution of the American Arbitration Association (the "Arbitration"). During the course of the Arbitration, the parties designated, or otherwise identified, certain information and documents exchanged between the parties as confidential or attorneys' eyes only. In so doing, each party had a good faith basis for believing that the information and documents so designated or identified contained non-public, confidential, commercially sensitive, or trade secret information (collectively, "Confidential Information"). Confidential Information was also reflected in certain documents filed by the parties with the Arbitrator and in certain rulings by the Arbitrator.

In order to facilitate the filing of papers in this action, while maintaining the confidentiality of the information in the underlying Arbitration, it is hereby stipulated by the parties, through their undersigned counsel, subject to approval of the Court, that:

1. Any papers containing Confidential Information that a party chooses to file with the Court shall be filed under seal with a legend that identifies this order.

2. Within five (5) days after the filing of any document under seal, the non-filing party shall notify the filing party in writing of what portions of the sealed document may be unsealed and what portions must remain redacted.

3. Within five (5) days after the filing party receives the written notice described in paragraph 2 above, the filing party shall file a redacted version of the sealed document in accordance with the designations of the non-filing party and any additional designations by the filing party.

4. Each party reserves and retains the right to challenge any redaction required by the opposing party. Such objection, however, shall not delay the filing of redacted versions on the public record as set forth herein, but shall be subject to revision after any such challenges are made in a written motion filed with the Court.

5. By entering this order and limiting disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this stipulation and Order who becomes subject to a motion to disclose another party's information designated as Confidential Information in this action pursuant to this stipulation and order shall promptly notify the other party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

| | |
|---|---|
| */s/ David L. Finger* | */s/ Paul E. Crawford* |
| David L. Finger (DE Bar #2556) | Paul E. Crawford (DE Bar #0493) |
| Finger & Slanina, LLC | Connolly Bove Lodge & Hutz LLP |
| One Commerce Center | 1007 N. Orange Street |
| 1201 Orange Street, Suite 725 | PO Box 2207 |
| Wilmington, DE  19801-1155 | Wilmington, DE  19899 |
| (302) 884-6766 | (302) 888-6262 |
| Attorney for Petitioner | Attorney for Respondent |

**SO ORDERED** this _____ day of February, 2006

_____
Jordan, J.

NEW_YORK_762_1