# AMERICAN ARBITRATION ASSOCIATION
## COMMERCIAL ARBITRATION RULES
### DEMAND FOR ARBITRATION

*MEDIATION is a nonbinding process. The mediator assists the parties in working out a solution that is acceptable to them. If you would like the AAA to contact the other parties to determine whether they wish to mediate this matter, please check this box.* ☐
*There is no additional administrative fee for this service.*

| TO: Name<br>Remote Solution Co., Ltd. | Name of Representative (if known) | Name of Firm (if applicable) |
|---|---|---|
| Address<br>92 Chogokri, Nammyun | Representative's Address | |

| City<br>Kim Cheon City | State<br>Kyung Buk, KOREA | Zip Code | City | State | Zip Code |
|---|---|---|---|---|---|
| Phone No.<br>011 82 54 420-4510 | | Fax No.<br>011 82 54 420-4530 | Phone No. | | Fax No. |

The named claimant, a party to an arbitration agreement contained in a written contract, dated February 16, 1999 providing for arbitration under the Commercial Arbitration Rules of the American Arbitration Association, hereby demands arbitration thereunder.

IS THIS A DISPUTE BETWEEN A BUSINESS AND A CONSUMER?     Yes ☐     No ☐

THE NATURE OF THE DISPUTE

PLEASE SEE ATTACHMENT

THE CLAIM OR RELIEF SOUGHT (the Amount, if Any)

PLEASE SEE ATTACHMENT

DOES THIS DISPUTE ARISE OUT OF AN EMPLOYMENT RELATIONSHIP?     YES ☐     No ☒

IF THIS DISPUTE ARISES OUT OF AN EMPLOYMENT RELATIONSHIP, WHAT WAS/IS THE EMPLOYEE'S ANNUAL WAGE RANGE?  Note: this question is required by California law.

☐ Less Than $100,000     ☐ $100,000 - $250,000     ☐ Over $250,000     N/A

TYPES OF BUSINESS
Claimant Seller of Remote Control Devices     Respondent Manufacturer of Remote Control Devices

HEARING LOCALE REQUESTED     Albany, NY

You are hereby notified that copies of our arbitration agreement and this demand are being filed with the American Arbitration Association at its Rhode Island office, with a request that it commence administration of the arbitration. Under the rules, you may file an answering statement within fifteen days after notice from the AAA.

| Signature (may be signed by a representative) | Title<br>Partner | Date July 11, 2003 |
|---|---|---|
| Name of Claimant<br>Contec Corporation | Name of Representative<br>Barry D. Rein | Name of Firm (if Applicable)<br>PENNIE & EDMONDS LLP |
| Address (to Be Used in Connection with This Case)<br>1023 State Street | Representative's Address<br>1155 Avenue of the Americas | |

| City<br>Schenectady | State<br>NY | Zip Code<br>12307 | City<br>New York | State<br>NY | Zip Code<br>10036 |
|---|---|---|---|---|---|
| Phone No.<br>(518) 382-8000 | Fax No.<br>(518) 382-8452 | | Phone No.<br>(212) 790-9090 | Fax No.<br>(212) 869-8864 | |

TO BEGIN PROCEEDINGS, PLEASE SEND TWO COPIES OF THIS DEMAND AND THE ARBITRATION AGREEMENT, WITH THE FILING FEE AS PROVIDED FOR IN THE RULES, TO THE AAA. SEND THE ORIGINAL DEMAND TO THE RESPONDENT.

## AMERICAN ARBITRATION ASSOCIATION

CONTEC CORPORATION

                  Claimant,

        v.

REMOTE SOLUTION CO., LTD.
(formerly known as HANGO
ELECTRONICS CO., LTD.)

                  Respondent.

Case Number: To be assigned

## ARBITRATION DEMAND

### PARTIES

1. Claimant Contec Corporation ("Contec") is a Delaware corporation having a principal place of business at 1023 State Street, Schenectady, New York. 12307. Its business includes the sale of remote control devices to cable television companies. The remote control devices control the operation of televisions, VCRs, and other electronic devices.

2. Respondent Remote Solution Co., Ltd. ("Remote Solution"), formerly known as Hango Electronics Co., Ltd. (collectively "Hango Korea"), is a Korean corporation with its offices and principal place of business at 92, Chogokri, Nammyun, Kim Cheon City, Kyung Buk, Korea. Hango Korea is a manufacturer of remote control devices.

### JURISDICTION

3. On February 16, 1999, Contec entered into a Manufacturing and Purchase Agreement ("the Agreement," attached as Exhibit A) with Hango Korea, setting forth the terms under which Contec would purchase remote control devices manufactured by Hango Korea.

4. The Agreement requires that all disputes arising out of the Agreement be arbitrated in "Albany, New York in accordance with the Commercial Arbitration Rules of the American Arbitration Association." (Agreement, para. 19).

- 1 -

## NATURE OF THE DISPUTE

5.  Pursuant to the Agreement, Hango Korea manufactured remote control devices ("the Products") which were purchased by Contec. These remote control devices became the subject of two patent infringement lawsuits, one brought by Universal Electronics, Inc. ("UEI"), and the other brought by Philips Electronics North America Corporation and U.S. Philips Corporation (collectively, "Philips").

6.  The Agreement required Hango Korea to defend Contec in any patent infringement suit relating to the Products and pay all damages and costs awarded against Contec:

> Seller [Hango Korea] shall defend any suit or proceeding brought against Purchaser [Contec] to the extent that such suit or proceeding is based on a claim that the Products constitute an infringement of any valid United States or foreign patent, copyright, trade secret or other intellectual property right and [Hango Korea] shall pay all damages and costs awarded by final judgment against [Contec]. (Agreement, para. 3(c)).

7.  On November 15, 2000, UEI sued Contec, alleging that Contec infringed UEI's U.S. Patent Nos. 5,414,426; 5,959,751; and 6,014,092 (Universal Electronics Inc. v. Contec L.L.C., Civil Action No. SACV-00-1126 AHS) ("the *UEI v. Contec* litigation").

8.  UEI's claim against Contec in the *UEI v. Contec* litigation was based, in part, on Contec's sale of Products purchased from Hango Korea.

9.  On November 22, 2000, Contec's counsel, Mr. Robert E. Heslin, notified Mr. David Ahn (Hango Korea's "official representative and executive" in the U.S.) of the *UEI v. Contec* litigation and reminded him of Hango Korea's indemnity obligations under the Agreement.

10.  Contec proceeded to defend itself in the *UEI v. Contec* litigation at its own expense, and, in May 2002, settled with UEI.

11.  To date, Hango Korea has not paid Contec any of the fees and expenses incurred by Contec in defending itself in the *UEI v. Contec* litigation and in settling that matter.

12.  On February 12, 2002, Philips sued Contec alleging that Contec infringed Philips' U.S. Patent Nos. 4,703,359 and 5,872,562 (Philips Electronics North America Corporation and U.S. Philips Corporation v. Contec Corporation, Civil Action No. 02-123 KAJ) ("the *Philips v. Contec* litigation").

13.  Philips' claim against Contec in the *Philips v. Contec* litigation was based, in part, on Contec's sale of Products purchased from Hango Korea.

14.  Philips subsequently added, on September 16, 2002, Hango Korea and Hango Remote Solution, Inc. ("Hango America"), and several other defendants to the lawsuit.

NY2: 1445283.1

15. On March 18, 2002, Contec's counsel, Mr. Robert E. Heslin, notified Mr. Hong-Bum Shin, the President of Hango Korea, of the *Philips v. Contec* litigation and asked Hango Korea to satisfy its indemnity obligations under the Agreement.

16. Hango Korea did not respond to Contec's March 18, 2002 letter.

17. On July 26, 2002, Contec's counsel, Mr. Barry D. Rein, sent a second letter to Messrs. Hong-Bum Shin and David Ahn reminding them of Contec's first letter and requesting a response.

18. By letter received August 2, 2002, Mr. Yoon T. Choi, International Department Manager of Hango Korea, declined to defend Contec, stating that "[a] share of fees and damage of Patents are a heavy burden for us so we can not bear these expense."

19. Contec proceeded to defend itself in the *Philips v. Contec* litigation at its own expense, and in March 2003, settled with Philips.

20. To date, Hango Korea has refused to pay Contec any of the fees and expenses incurred by Contec in defending itself in the *Philips v. Contec* litigation and in settling that matter.

21. On May 23, 2003, Hango America moved to amend its answer in the *Philips v. Contec* litigation to assert a cross-claim against Contec for indemnification or contribution. Contec opposed that motion on the grounds that (1) Contec has no indemnity or contribution obligations to Hango America, and (2) Hango America's motion is simply an improper attempt by Hango Korea at an end-run around the arbitration provisions of the Agreement. That motion is fully briefed and awaiting oral argument, if the court permits it, and decision by the court.

22. On June 20, 2003, Hango Korea's counsel, Mr. Chunghwan Choi, forwarded to Contec a Korean complaint against Contec, which was apparently filed with the Daegu District Court, Kimchon Branch, Republic of Korea ("the Bill of Complaint"). That complaint has not yet been properly served on Contec.

23. In the Bill of Complaint, Hango Korea seeks payment for remote control units shipped to Contec in January 2003. As Hango Korea knows however, Contec has withheld payment for those units as a setoff against the amounts owed by Hango Korea to Contec under its above indemnification obligations. In any event, Hango Korea's claim for payment is governed by paragraph 19 of the Agreement, which requires arbitration in Albany, New York, not a court action in Korea.

## FIRST REQUEST FOR RELIEF

24. Hango Korea has violated paragraph 3(c) of the Agreement by refusing to defend Contec and pay its damages and costs, including settlement costs and royalties, in the *UEI v. Contec* litigation with respect to the Products purchased by Contec from Hango Korea.

NY2: 1445283.1

25. Contec accordingly seeks an award of these defense costs, including attorneys' fees, damages, settlement costs, royalties, and interest thereon.

## SECOND REQUEST FOR RELIEF

26. Hango Korea has violated paragraph 3(c) of the Agreement by refusing to defend Contec and pay its damages and costs, including settlement costs and royalties, in the *Philips v. Contec* litigation with respect to the Products purchased by Contec from Hango Korea.

27. Contec accordingly seeks an award of these defense costs, including attorneys' fees, damages, settlement costs, royalties, and interest thereon.

## THIRD REQUEST FOR RELIEF

28. Hango Korea has violated paragraph 19 of the Agreement by initiating an action in Korea for the payment of remote control units shipped to Contec.

29. Contec accordingly seeks an order directing Hango Korea to dismiss its Korean Bill of Complaint.

30. Contec further seeks an order enjoining Hango Korea from bringing any other action or proceeding of any kind in Korea which relates to any disputes arising out of the Agreement.

## FOURTH REQUEST FOR RELIEF

31. Hango Korea has violated paragraph 19 of the Agreement by having its subsidiary Hango America pursue a cross-claim against Contec in the *Philips v. Contec* litigation.

32. Contec accordingly seeks an order directing Hango Korea to command Hango America to halt its cross-claim against Contec in the *Philips v. Contec* litigation.

## FIFTH REQUEST FOR RELIEF

33. Contec seeks an award of damages sufficient to compensate it for enforcing the provisions of the Agreement, including but not limited to Contec's damages and expenses, including attorneys' fees, incurred in connection with this arbitration, Contec's damages and expenses, including attorneys' fees, incurred in connection with Hango Korea's Korean Bill of Complaint, and Contec's damages and expenses, including attorneys' fees, incurred in connection with Hango America's cross-claim.

Contec believes the total monetary recovery of its requested relief to be between $1 million and $1.5 million. This is however a preliminary assessment and since actual amounts of

NY2: 1445283.1

certain items, such as attorneys' fees, are not yet precisely known, the actual amount may be higher.

Respectfully submitted,

By: _____

Barry D. Rein
Kenneth L. Stein
Gregory J. Gonsalves
Richard H. An
PENNIE & EDMONDS LLP
1155 Avenue of the Americas
New York, New York 10036-2711
(212) 790-9090

Dated:    July 11, 2003

Attorneys for Claimant
Contec Corporation

- 5 -