# FINGER & SLANINA, LLC
## ATTORNEYS AT LAW

David L. Finger, Resident, Wilmington Office:
One Commerce Center, 1201 Orange St., Suite 725
Wilmington, Delaware 19801-1155
Ph: (302) 884-6766 | Fax: (302) 984-1294
E-mail: dfinger@delawgroup.com
www.delawgroup.com

March 29, 2005

**Via overnight courier**
David W. Plant, Esq.
1451 Little Sunapee Road
New London, NH 03257

  Re:  **Contec Corporation v. Remote Solution Co., Ltd.**
      Arbitration No. 50 T 133 00325 03

Dear Mr. Plant:

  I write to ask the Arbitrator to accept this letter to respond briefly to new points raised by Contec for the first time in its reply memorandum.

  The crux of Contec's argument regarding the indemnity language is that Section 3(c) of the Agreement constitutes a disclaimer of the warranty of non-infringement under U.C.C. §2-213(c), and so somehow negates Contec's obligation to use more specific language to indicate that it intended to include indemnity for its own negligence or fault and precludes Remote Solution from arguing to the contrary. This argument erroneously conflates the concepts of warranty and indemnity, an approach which has been rejected by New York courts.

  A disclaimer of warranty frees the disclaimer of any liability to the other contracting party. For example, if Remote Solution were to make a claim against Contec Corporation for breach of the warranty of non-infringement, and if a court or an arbitrator were to conclude that Section 3(c) constitutes a valid disclaimer under New York law, including intentional and/or negligent conduct (an issue the Arbitrator is not being asked to decide currently), then Contec would be free from obligation to Remote Solution arising from infringement.

  By contrast, indemnity assumes that Contac has liability to a third party to whom no warranty was given, but seeks to shift that liability to Remote Solution as the purported indemnitor. The two concepts are distinct.

  In **Alger v. Abele Tractor & Equipment Co., Inc.**, 460 N.Y.S.2d 202 (N.Y.A.D. 3rd Dep't 1983), the defendant filed a third-party agent Sperry Rand Corporation for indemnity in connection with claims of negligence and strict products liability. Sperry Rand claimed that it has no duty to indemnify because it had disclaimed any warranties. The Court affirmed the decision of the trial court refusing to apply the disclaimer to a claim of indemnification, stating "[t]his language is only a disclaimer of warranties. It contains no reference to negligence." **Id.** at 203.

David W. Plant, Esq.
March 29, 2005
2

      Similarly, in **Haynes v. Kleinwefers and Lembo Corp.**, 921 F.2d 453 (2nd Cir. 1990) (attached to Remote Solution's Compendium of Decisions at Tab I), W.R. Grace and Co. sought to avoid an indemnity claim by pointing to a disclaimer of warranties. The Second Circuit rejected this argument, stating that "Section 2-316 [of New York's Uniform Commercial Code] relates to disclaimers for goods sold, not to indemnification." **Id.** at 458.

      The lesson of these cases is that indemnity and warranties are distinct and unrelated concepts, and any purported disclaimer of the warranty of non-infringement does not determine the rights of the parties on questions of indemnity. Contrary to Contec's assertion, Remote Solution is not arguing that Contec cannot contract for indemnification for its own negligent patent infringement. Rather, Remote Solution is stating that, based on the requirements of applicable New York law, Contec failed to do so here, and only contracted for indemnification relating to liability resulting from Remote Solution's own independent infringement (of which there was none in this case). Contec has not offered any authority on point in support of its arguments nor any authority contradicting Remote Solution's arguments.

      Second, Contec argues that the rule regarding construction of indemnity agreements does not apply here because patent infringement is not a tort, but a strict liability offense. First, "[i]nfringement, whether direct or contributory, is essentially a tort...." **Carbice Corp. of America v. American Patents Development Corp.**, 293 U.S. 27, 33 (1931). Second, New York applies its law of indemnity to strict liability claims. *E.g.*, **Altman v. Strong's Marineland**, 580 N.Y.S.2d 425 (N.Y.A.D. 2nd Dep't 1992); **Fendley v. Power Battery Co.**, 561 N.Y.S.2d 760 (N.Y.A.D. 1st Dep't 1990). *Cf.* **Gray Manufacturing Co. v. Pathe Indsutries, Inc.**, 305 N.Y.S.2d 794 (N.Y.A.D. 1st Dep't 1969), *aff'd*, 260 N.E.2d 821 (N.Y. 1970) (applying New York indemnity law to claim of indemnification for antitrust action) (appended to Contec's compendium at tab 10). Whether or not proving negligence is necessary in patent infringement, it remains relevant in determining entitlement to indemnification.

      Third, to correct a mis-impression, Remote Solution is not seeking a hearing on "willfulness," as that term is used in patent law. Willfulness goes to the issue of liability to the patentee and is based on what the infringer knew as of the time the infringer had knowledge of the patent. Remote Solution argues that, in light of is stipulation to a court order finding infringement (notwithstanding Contec's current disingenuous attempt to disavow it), the issue is what Contec knew or should have known and did or did not do before instructing Remote Solution to manufacture remote control units incorporating infringing elements.

      Fourth, Contec claims that it had no legal duty to determine whether its specifications were infringing. However, an "indemnitee has a duty to act reasonably under all the circumstances so as to protect the indemnitor against liability." **American Export Isbrandtsen Lines, Inc. v. U.S.**, 390 F.Supp. 63, 68 (S.D.N.Y. 1975).

David W. Plant, Esq.
March 29, 2005
3

    Finally, I am compelled to respond to Contec's suggestion that Remote Solution engaged in "sham" litigation over arbitrability by not disclosing the General Agreement for the Trade. This is a document which, unfortunately, both parties had overlooked previously. It is improper to suggest wrongdoing on the part of Remote Solution when *both* parties with equal knowledge and opportunity to address the document simply overlooked it.

    As always, I am available at your convenience to answer any questions.

Very truly yours,

David L. Finger

cc:    Kenneth L. Stein, Esq. (via overnight courier)