**FINGER & SLANINA, LLC**
ATTORNEYS AT LAW

David L. Finger, Resident, Wilmington Office:
One Commerce Center, 1201 Orange St., Suite 725
Wilmington, Delaware 19801-1155
Ph: (302) 884-6766 | Fax: (302) 984-1294
E-mail: dfinger@delawgroup.com
www.delawgroup.com

September 8, 2005

**Via fax**
David W. Plant, Esq.
1451 Little Sunapee Road
New London, NH 03257

Re:   **Contec Corporation v. Remote Solution Co., Ltd.**
      Arbitration No. 50 T 133 00325 03

Dear Mr. Plant:

I ask your indulgence in accepting this brief letter to address new matters raised in Contec's Reply Brief in Support of its Statement of Damages.[1]

First, Contec argues at length that Remote Solution breached an implied covenant of good faith and fair dealing because it hired an attorney that does not bill nearly as much as Contec's lawyers. "[A]lthough the duty of good faith and fair dealing between the parties to a contract is well recognized in [New York]...this duty will not be expanded to a point of conflict with the express terms of the bargained-for exchange and 'equitable considerations will not allow an extension of coverage beyond [the agreement's] fair intent and meaning in order to obviate objections which might have been foreseen and guarded against'." **Mark Patterson, Inc. v. Bowie**, 654 N.Y.S.2d 769, 771 (N.Y.A.D. 1st Dept. 1997) (quoting **Caporino v. Travelers Ins. Co.**, 465 N.E.2d 26 (N.Y. 1984)).

The Manufacturing Agreement expressly states that the winner's attorneys' fees are limited to the amount actually paid by the losing party to its attorneys. Nothing in the Manufacturing Agreement requires Remote Solution to obtain attorneys who bill at the rate and to the extent of Contec's lawyers. The U.C.C. (relied upon by Contec) is irrelevant as the claim does not fall under the U.C.C. Contec is not denied the benefit of its bargain, because there is nothing explicit or implicit in the Manufacturing Agreement which entitled Contec to fees in an amount comparable to its own expenditures. If Contec had so desired, it could have simply eliminated the phrase limiting recovery to the extent of the opposing party's fees. Indeed, it is reasonable to interpret this provision

---

[1] Remote Solution's failure to address herein the many other inaccurate and/or unsupported statements in the Reply Brief should not be deemed to be a concession as to their correctness (which it certainly is not). Instead, it is simple recognition that Contec had the right to have the last (albeit not the correct) word as the party submitting a reply brief.

David W. Plant, Esq.
September 8, 2005
2

as being for the purpose of inhibiting one party (in this case Contec) from running up the bill with the expectation of recovering it from the other party. Remote Solution certainly abided by that intent by keeping fees to a minimum in case it won.

Contec claims that the attorneys' fees provision was based on certain presumptions. (Reply Brief at 2). There is no evidence that such presumptions were within the contemplation of both parties, and such presumptions cannot be reasonably inferred simply by the language of the Manufacturing Agreement. It is more correct to say that Contec unilaterally assumed such facts. However, unilateral assumption does not create contractual obligation beyond the express terms.[2]

Contec also argues that Remote Solution should have to pay all of Contec's fees because Remote Solution pursued what it believed (and still believes) to be legitimate defenses. (Reply Brief at 8). At no time has any tribunal found that any of its defenses were frivolous, or without basis in law or fact. The fact that Remote Solution may have lost on its arguments does not mean that they were not asserted with a good faith belief as to their merit. Of course, Contec would prefer that Remote Solution simply roll over, but that desire is not a basis for ignoring the contractual limitation on fees drafted by Contec.

Second, although Remote Solution was able to identify some aspects of Contec's billing that related exclusively to other suppliers, Remote Solution does not concede that *only* those items are limited to other suppliers. (*See* Reply Brief at 23 n. 23). Contec has a duty of candor to the Arbitrator, and it is obligated to identify those entries unrelated to Remote Solution, or forfeit its right to any recovery, as the Arbitrator does not have authority under the Manufacturing Agreement to award reimbursement for matters unrelated to Remote Solution.

---

[2] The suggestion that counsel for Remote Solution may be getting some undisclosed compensation (Reply Brief at 7 n.6) is simply offensive. Counsel for Remote Solution has disclosed all relevant facts. It has been Contec which throughout this proceeding has refused to disclose material and relevant information.

Counsel for Remote Solution is a third-generation Delaware lawyer from a respected family. We do not share the view of squeezing every nickel from a client. We take into account the client's financial abilities and respect the idea of long-term relationships over short-term profits. We also recognize that certain charges more aptly should be considered overhead which is rolled in to the hourly rate. For example, Contec questions the absence of Lexis/Westlaw charges. (**Id.** at 7). Counsel, as a member of a small firm, benefits from a modest monthly "flat" rate from Westlaw, which he does not pass on to clients. Further, counsel does not believe that a one-minute telephone call, or a one-minute reading or writing of an e-mail, warrants a charge. Contec is free to disagree with this philosophy. However, that does not mean that Remote Solution was not entitled to obtain counsel with such a philosophy.

David W. Plant, Esq.
September 8, 2005
3

   Third, Contec claims that the (subsequently vacated) award of attorneys' fees in the District Court was a "sanction against Remote Solution's misconduct." (Reply Brief at 27). The District Court never held that Remote Solution engaged in misconduct, and never characterized the award as a "sanction." This is simply part of Contec's strategy to paint Remote Solution as a villain, even though this entire matter is before the Arbitrator as a result of Contec's action in asking Remote Solution to manufacture remote control units with infringing designs provided by Contec. Remote Solution is the true victim here. However lawful the Arbitrator may find Contec's claim to be, it certainly is not just.

   I thank the Arbitrator for your indulgence.

               Respectfully,

               David L. Finger

cc: Kenneth L. Stein, Esq. (via fax)