IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

REMOTE SOLUTION CO., LTD., )
)
           Petitioner, )
)
v. )   Civil Action No. 06-004-KAJ
)
FGH LIQUIDATING CORP. f/k/a )
CONTEC CORPORATION, )
)
           Respondent. )

## MEMORANDUM ORDER

**I.   INTRODUCTION**

Before me is a Motion to Vacate or Modify Arbitration Award, filed by Remote Solution Co., Ltd. ("Remote Solution"). (Docket Item ["D.I."] 1; the "Motion".) The respondent, FGH Liquidating Corp. f/k/a Contec Corporation ("Contec"), opposed the Motion and requested a confirmation of the arbitration award. (D.I. 10 at 1-2.) For the reasons that follow, the Motion will be denied in all respects.

**II.   DISCUSSION**

Before reaching the merits of the parties' arguments, I am obliged to address the question of subject matter jurisdiction. *See Employers Ins. of Wausau v. Crown Cork & Seal Co.*, 905 F.2d 42, 45 (3d Cir. 1990) (explaining that the court is "obliged to consider, *sua sponte*, whether the district court had subject matter jurisdiction ... "). Remote Solution claims that the court has subject matter jurisdiction over the Motion pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* (D.I. 1 at ¶ 5.) However, the U.S. Supreme Court has held that the Federal Arbitration Act "does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331." *Moses H. Cone*

*Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 n.32 (1983).[1] Rather, "there must be diversity of citizenship or some other independent basis for federal jurisdiction." *Id.* Therefore, contrary to Remote Solution's assertion, the Federal Arbitration Act does not confer the subject matter jurisdiction necessary for a district court to issue an order vacating or modifying an arbitration award. *See Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1471 (11th Cir. 1997); *Harry Hoffman Printing, Inc. v. Graphic Commc'ns Int'l Union, Local 261*, 912 F.2d 608, 611 (2d Cir. 1990).

Remote Solution did not plead diversity jurisdiction or any independent basis for federal jurisdiction other than the Federal Arbitration Act. (D.I. 1 at ¶ 5.) A federal court may, however, "sustain jurisdiction when an examination of the entire complaint reveals a proper basis for assuming subject matter jurisdiction other than one that has been improperly asserted by the pleader ... " 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1206 at 114-15 (3d ed. 2004); *see also Davis v. Ohio Barge Line, Inc.*, 697 F.2d 549, 552 (3d Cir. 1983) (holding that the court can independently ascertain whether the complaint sets forth any basis for subject matter jurisdiction). Under 28 U.S.C. § 1332(a), a federal district court has original jurisdiction in cases between "citizens of a State and citizens or subjects of a foreign state" in which the amount in controversy exceeds $75,000.00. However, the Motion fails to

---

[1] One of the holdings of the *Moses H. Cone Mem'l Hosp.* case has been called into question based on subsequent Congressional action. *See Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997) (noting that 9 U.S.C. § 16(b)(1) "upsets the principal holding of *Moses Cone*"). However, that is not relevant to the present point.

demonstrate that the amount in controversy requirement is satisfied.[2]  The Motion only sets forth a specific amount in controversy with regard to the claim that the arbitrator incorrectly determined the offset to which Remote Solution was entitled.  (D.I. 1 at ¶ 7.g.)  Specifically, the arbitrator found the offset to be $620,038.00, and Remote Solution argues that it should have been $692,512.27.  (*Id.*)  Therefore, the alleged amount in controversy is only $72,474.27, which is not sufficient to satisfy the requirements of diversity jurisdiction.  Since the Federal Arbitration Act does not create federal question jurisdiction under 28 U.S.C. § 1331, and the Motion fails to establish the elements of diversity jurisdiction under 28 U.S.C. § 1332, I will deny the Motion.

### III.  CONCLUSION

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that the Motion is DENIED.

_____
UNITED STATES DISTRICT JUDGE

September 22, 2006
Wilmington, Delaware

---

[2] In noting this conclusion, I do not imply that other requisites of 28 U.S.C. § 1332 have been met.

3