IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| REMOTE SOLUTION CO, LTD., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-004 KAJ |
| | ) | |
| FGH LIQUIDATING CORP. f/k/a | ) | **REDACTED** |
| CONTEC CORPORATION, | ) | |
| | ) | |
| Respondent. | ) | |

**MOTION FOR RECONSIDERATION AND TO AMEND**

Petitioner Remote Solution Co., Ltd. ("Remote Solution") hereby moves, pursuant to D. Del L. R. 7.1.5, Fed. R. Civ. P. 15 and 59(e) for reconsideration of this Court's Memorandum Order in the above-captioned action dated September 22, 2006 (the "Order," D.I. 16, Exhibit A hereto), or, alternatively, for amendment of judgment, and in support thereof states as follows:

1. In the Order, the Court dismissed the Motion to Vacate or Modify Arbitration Award filed by Remote Solution (the "Motion"), *sua sponte* and without prior notice, for failure to plead adequately subject matter jurisdiction. In so doing, the Court apparently overlooked precedent which establishes that such action is both substantively and procedurally incorrect.

2. This Court dismissed the Motion on the ground that subject matter jurisdiction does not appear on the face of the Motion. However, determination of subject matter jurisdiction is not limited to a review of the face of the pleading. "In reviewing a facial challenge to the court's subject matter jurisdiction under Rule 12(b)(1), a court may only

consider the complaint *and documents referenced in or attached to the complaint.*" **Adkins v. Rumsfeld**, 389 F.Supp.2d 579, 584 (D. Del. 2005) (italics added).

3.      The arbitration award on damages is expressly referred to in the Motion at paragraph 6, and Remote Solution's objections to the arbitration award (as to both liability and damages) are set forth at paragraph 7 of the Motion. (D. I. 1 ¶¶6-7).  As the arbitration award is not merely incidental but are integral to and the basis of the claim, the arbitration award is incorporated by reference into the Motion. **Petition of Brink**, 98 F.Supp. 135, 138 (E.D.N.Y. 1951), *aff'd*, 193 F.2d 1009 (2nd Cir. 1952) (reference to arbitration award in petition to vacate award incorporated award by reference).[1]

4.      The arbitration award on damages states that the amount of the award to respondent is **[redacted]**. Remote Solution is challenging the correctness of awarding any amount to respondent.  As such, the jurisdictional amount is easily satisfied.

5.      The Motion states that Remote Solution is a Korean entity and that respondent is a Delaware corporation.  Thus, there is complete diversity of parties.[2]  Coupled with the arbitration award on damages, all facts necessary to establish facially diversity are present.

---

[1] That the arbitration award was not attached to the Motion does not prevent it from being incorporated by reference. *See* **Adkins**, 389 F.Supp.2d at 584 (Court may consider any matters incorporated by reference *or* attached to the pleading *or* integral to the claim). Since respondent took the position that parts of the arbitration award were confidential (including the amount of the award) (*see* D.I. 7), Remote Solution could not file the award with the Court until a sealing order had been entered.

[2] The Motion states that respondent's principal place of business is Kimchoen, Korea. This is an error.  In any event, it does not affect the analysis. The fact that a domestic corporation has its principal place of business outside of the United States does not destroy diversity jurisdiction in an action brought against that domestic corporation by a foreign plaintiff. **Cabalceta v. Standard Fruit Co.**, 883 F.2d 1553, 1558-61 (11th Cir. 1993).

6. Even if this Court were to reject incorporation of the arbitration award, dismissal *sua sponte* without notice and an opportunity to cure is not appropriate. **Neiderheiser v. Borough of Berwick**, 840 F.2d 213, 216 n.6 (3rd Cir. 1988). *Sue sponte* dismissals without prior notice or opportunity to be heard are considered "hazardous," and unless a defect is clearly incurable the Court should not dismiss but should grant leave to amend, then allow they parties to argue the jurisdictional issue. **Joyce v. Joyce**, 975 F.2d 379, 386 (7th Cir. 1987).

7. "Generally, a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff an opportunity to amend the complaint." **Apple v. Glenn**, 183 F.3d 477, 479 (6th Cir. 1999), *cert. denied*, 528 U.S. 1198 (2000). *Accord* **Cepero-Rivera v. Fagundo**, 414 F.3d 124, 130 (1st Cir. 2005). ***See also* Contec Corp. v. Remote Solution Co.**, C.A. No. 1:03-CV-910, Hurd, J. (W.D.N.Y. Sept. 26, 2003) (Order and transcript) (Exhibit B hereto) (*sua sponte* dismissing for lack of subject matter jurisdiction, but giving plaintiff an opportunity to file an amended complaint).

8. Dismissal *sua sponte* without prior notice or an opportunity to amend can amount to a denial of due process. *See* **California Diversified Promotions, Inc. v. Musick**, 505 F.2d 278, 280-81 (9th Cir. 1974). In this case, refusal to recognize a document incorporated by reference into the Motion which establishes that the jurisdictional amount has been met, and then dismissing *sua sponte* for failure to allege subject matter jurisdiction six months after the matter was submitted for decision, before any decision on the merits was rendered, without prior warning and an opportunity to amend, when the limitations period

3

for bringing the Motion is three months, 9 U.S.C. §12, thereby potentially precluding Remote Solution from re-filing this action, rises to the level of denial of due process.

WHEREFORE, for the foregoing reasons, petitioner Remote Solution Co, Ltd., respectfully requests that the Court either (i) reconsider its decision dismissing this action *sua sponte* and hold that the requirements of alleging diversity jurisdiction have been met by considering the Motion and the arbitration award on damages, incorporated by reference into the Motion; or (ii) amend the Order to state permit Remote Solution to amend its Motion to add any required jurisdictional allegations.[3]

Dated: September 25, 2006

                               Respectfully submitted,

                                /s/ David L. Finger
                               David L. Finger (DE Bar ID #2556)
                               Finger & Slanina, LLC
                               One Commerce Center
                               1201 Orange Street, Suite 725
                               Wilmington, DE 19801-1155
                               (302) 884-6766
                               Attorney for petitioner Remote Solution Co., Ltd.

---

[3] Amendment to cure a jurisdictional defect relates back to the time of filing of the original pleading. **Berkshire Fashions, Inc. v. M.V. Hakusan II**, 954 F.2d 874, 887-88 (3rd Cir. 1992); **E.R. Squibb & Sons, Inc. v. Lloyd's & Companies**, 241 F.3d 154, 163 (2nd Cir. 2001). Moreover, it "where an action has been brought under a federal statute and the statute is inapplicable, plaintiffs may be granted leave to amend to change the whole jurisdictional basis of the suit and convert it into a civil action based on diversity of citizenship." **Doran v. Lee**, 287 F.Supp. 807, 813 (W.D. Pa. 1968).

## CERTIFICATE OF SERVICE

I, David L. Finger, hereby certify that on this 25th day of September, 2006, I caused a copies of the foregoing document to be served via CM/ECF and e-mail on the below-listed counsel of record:

>Paul E. Crawford, Esq.
>Connolly Bove Lodge & Hutz LLP
>1007 N. Orange St.
>Wilmington, DE 19801

> /s/ David L. Finger
>David L. Finger (DE Bar ID #2556)
>Finger & Slanina, LLC
>One Commerce Center
>1201 Orange Street, Suite 725
>Wilmington, DE 19801-1155
>(302) 884-6766