U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

SEP 2 6 2003

AT _____ O'CLOCK ____ M
LAWRENCE K. BAERMAN, Clerk
UTICA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

-----------------------------------

CONTEC CORPORATION,

               Plaintiff,

   -v-                                      1:03-CV-910

REMOTE SOLUTION CO.,

               Defendant.

-----------------------------------

DAVID N. HURD
United States District Judge

## ORDER

Pursuant to the oral decision of the Court, entered into the record after hearing oral argument on September 26, 2003, in Albany, New York, it is hereby

ORDERED that

1. The complaint is DISMISSED for lack of subject matter jurisdiction, without prejudice to file an amended complaint on or before October 10, 2003; and

2. The motion and cross motion are DISMISSED as moot, without prejudice to renew within thirty days after the filing of an amended complaint, if any.

IT IS SO ORDERED.

_____
United States District Judge

Dated: September 26, 2003
         Utica, New York.

```
                                                                    1

 1   UNITED STATES DISTRICT COURT                    COPY
 2   NORTHERN DISTRICT OF NEW YORK
 3   - - - - - - - - - - - - - - - - - - - - - - - - - - - -
 4   CONTEC CORPORATION,
 5                    Plaintiff,
 6      -versus-                         03-CV-910
 7                                        (MOTION)
 8   REMOTE SOLUTION CO., LTD.,
 9                    Defendant.
10   - - - - - - - - - - - - - - - - - - - - - - - - - - - -
11
12
13
14          TRANSCRIPT OF PROCEEDINGS held in and for the
15   United States District Court, Northern District of New York,
16   at the James T. Foley United States Courthouse, 445 Broadway,
17   Albany, New York 12207, on FRIDAY, SEPTEMBER 26, 2003,
18   before the HON. DAVID N. HURD, United States District Court
19   Judge.
20
21
22
23
24
25
                    THERESA J. BERICAL, RPR, CRR
                 UNITED STATES COURT REPORTER - NDNY
```

2

1
2  APPEARANCES:
3  FOR THE PLAINTIFF:
4  McNAMEE, LOCHNER LAW FIRM
5  BY: G. KIMBALL WILLIAMS, ESQ.
6      -and-
7  PENNIE & EDMONDS LAW FIRM
8  BY: KENNETH L. STEIN, ESQ.
9
10
11 FOR THE DEFENDANT:
12 NOLAN, HELLER LAW FIRM
13 BY: JUSTIN A. HELLER, ESQ.
14     -and-
15 FINGER, SLANINA LAW FIRM
16 BY: DAVID FINGER, ESQ.
17
18
19
20
21
22
23
24
25

THERESA J. BERICAL, RPR, CRR
UNITED STATES COURT REPORTER - NDNY

```
 1                  (Court convened at 12:37 PM.)
 2                  THE CLERK:  Contec Corporation versus Remote
 3    Solution Company, 03-CV-910.
 4                  Counselors, your appearance for the record,
 5    please.
 6                  MR. STEIN:  Ken Stein, for Contec
 7    Corporation, from Pennie & Edmonds.
 8                  MR. WILLIAMS:  Kim Williams, from McNamee,
 9    Lochner, Titus & Williams, for Contec Corporation.
10                  MR. HELLER:  Justin Heller, Nolan & Heller,
11    on behalf of Remote Solution.
12                  MR. FINGER:  David Finger, Finger & Slanina,
13    on behalf of Remote Solution Company, admitted.
14                  MR. HELLER:  Your Honor, just procedurally,
15    we filed a pro hac vice motion on behalf of Mr. Finger.  I
16    just don't know whether it has been signed yet.
17                  THE COURT:  Yes, it has been signed and
18    Mr. Finger, you are now authorized to practice law in the
19    Northern District of New York with regards to this case.
20                  MR. FINGER:  Thank you, your Honor.
21                  MR. WILLIAMS:  Your Honor, I believe the same
22    is true for Mr. Stein.
23                  THE COURT:  All right.
24                  MR. STEIN:  Good morning, your Honor.
25    Contec's motion seeks to compel Remote Solution to
```

Contec v. Remote Solution - 03-CV-910                                    4

1   arbitrate --
2           THE COURT: All right, you're all here now.
3   Let me just get this out of the way right now.
4           The Second Circuit has reminded us District
5   judges on more occasions than I care to admit that we should
6   not -- be careful never to go in and take matters without
7   subject matter jurisdiction. There's been more appeals
8   where, all of a sudden, the Second Circuit says that there's
9   no subject matter jurisdiction and why has the District
10  Judge been spending all this time.
11          Now, in this case, the plaintiff is Contec
12  Corporation, and I know that you've submitted an affidavit
13  and reply that the contract at issue here is before Contec,
14  LP, and you're the successor in interest, but that's not in
15  the complaint as it stands. And as I see it, until you file
16  an amended complaint -- and I'll give you time -- that I
17  have no subject matter jurisdiction on this matter at this
18  time.
19          And what I am proposing to do is to dismiss
20  the case without prejudice and give you some time to file an
21  amended complaint so that I do have subject matter
22  jurisdiction, and then we can proceed further, because your
23  complaint does not give me subject matter jurisdiction,
24  unless you can tell me otherwise. I mean, I know you
25  replied, and you may very well have jurisdiction under the

THERESA J. BERICAL, RPR, CRR
UNITED STATES COURT REPORTER - NDNY

1   proper circumstances, but I don't believe I have it right
2   now.
3              That's where we stand. And I am not gonna be
4   subjected to the Second Circuit wondering why I'm hearing
5   argument and spending my time on this until I do. Can you
6   tell me why I shouldn't do what I am proposing to do?
7              MR. STEIN: I believe that Contec Corporation
8   has assumed Contec, LP's rights under the contract.
9              THE COURT: Yes, I know what you said. But
10  the contract, as alleged in the complaint, is between
11  Contec, LP, and Remote Solutions, and there's nothing of
12  what you're telling me that's in the complaint. What you
13  have said in reply may very well give me subject matter
14  jurisdiction, but it's not in the complaint and that's where
15  we start with and that's where they would have an
16  opportunity to challenge this or whatever. But it's not in
17  the complaint, and at the moment, it's a collateral issue.
18             MR. STEIN: I believe that the complaint does
19  say that the agreement's between Contec Corporation and
20  Remote Solution.
21             THE COURT: Well, who is the contract
22  between? Who are the two parties to the contract that
23  you're trying to enforce?
24             MR. STEIN: The original parties that signed
25  the contract were Contec, LP, and Remote Solution. Contec,

Contec v. Remote Solution - 03-CV-910                                    6

1   LP, changed form, first to Contec, LLC, and then changed
2   form to Contec Corporation.
3               THE COURT:  Is that in the complaint?
4               MR. STEIN:  What?
5               THE COURT:  Is that in the complaint?
6               MR. STEIN:  I don't believe that those two
7   facts are in the complaint, but the complaint refers only to
8   the contract between Contec Corporation, which is the only
9   entity that exists at the present time, and Remote Solution.
10              THE COURT:  Do you have the contract?  Who is
11  the contract between?
12              MR. STEIN:  At the time the contract was
13  signed, it was between Contec, LP, and Remote Solution.
14              THE COURT:  Okay.
15              MR. STEIN:  Contec, LP, no longer exists.  It
16  changed form to LLC and then to the Corporation.
17              THE COURT:  Is that in the complaint?  Did
18  that situation, that you have a contract that now you are
19  representing the successor in interest to that, is that in
20  the complaint?  I mean, we have two separate entities here
21  is what I'm faced with in the complaint.  You have the
22  contract with Contec, LP, but the plaintiff here is Contec
23  Corporation.
24              MR. STEIN:  Right.  I think that the
25  complaint only alleges that there's an agreement between

THERESA J. BERICAL, RPR, CRR
UNITED STATES COURT REPORTER - NDNY

Contec v. Remote Solution - 03-CV-910                                           7

1    Contec Corporation at this point and Remote Solution, which
2    I believe is accurate.
3              THE COURT: It's not accurate. The contract
4    is between Contec, LP, and Remote Solution.
5              MR. STEIN: Right. But Contec Corporation
6    assumed the rights of Contec, LP, under the agreement, so I
7    think it is -- I believe it's --
8              THE COURT: Why not file an amended complaint
9    and get that straightened out so we don't have any issue
10   here? I am willing to give you time to file an amended
11   complaint.
12             MR. STEIN: Okay.
13             THE COURT: But I just believe that there's
14   some ambiguity here. And I don't know what the defendant's
15   position is in regards to that issue. They raised the
16   question here in their response, you raised the issue.
17             Well, let me hear from the defendant. What's
18   your position on this matter? You raised the issue, and I
19   just want to be sure that if I go through the effort of
20   deciding this case on the merits that I have jurisdiction.
21   That's all I want. And do you agree to accept an amended
22   complaint? Or what's your position?
23             MR. FINGER: Your Honor, again, first,
24   initially, let me thank the Court for allowing me to
25   practice here today.

THERESA J. BERICAL, RPR, CRR
UNITED STATES COURT REPORTER - NDNY

Contec v. Remote Solution - 03-CV-910                                    8

1    I think there's another issue that adds to
2    your Honor's concern. Although it's not stated in any of
3    the papers, the Contec Corporation is not a New York entity,
4    it's a Delaware entity. They have not said that in the
5    papers. And so, under the Federal Arbitration Act, the law
6    of that does not confer subject matter jurisdiction. So,
7    there is a diversity issue that has to be established
8    factually.
9         And I agree, the Court doesn't have
10   jurisdiction, because it doesn't have facts in the complaint
11   establishing a prima facie right on behalf of Contec
12   Corporation. We believe that your Honor's approach is
13   appropriate, that the matter should be dismissed without
14   prejudice, allow them to file a new action, new complaint,
15   and we are happy to go from there.
16        THE COURT: All right. Mr. Stein, do you
17   want to be heard further before I -- I mean, this is --
18        MR. STEIN: Yes, I would. As to the new
19   point Mr. Finger just raised about Contec Corporation, the
20   complaint says, in paragraph one, that Contec Corporation is
21   a Delaware corporation. And that's yet another argument
22   that he's raising --
23        MR. FINGER: Your Honor, he's right, it does
24   say in the complaint. I was in error. It does refer to a
25   Delaware corporation, I apologize.

THERESA J. BERICAL, RPR, CRR
UNITED STATES COURT REPORTER - NDNY

Contec v. Remote Solution - 03-CV-910                                    9

1           THE COURT:  All right.
2           MR. STEIN:  I guess I'm just wondering if
3   it's possible for me to -- because I haven't thought about
4   this issue before.  In fact, before the opposition was filed
5   by Remote Solution, there was never any disagreement on the
6   part of Remote Solution that the agreement at issue here
7   applied to Contec Corporation as Contec Corporation.  I
8   think that's well-established by the evidence that I put
9   forward in the reply brief.
10          THE COURT:  As I said before, the Second
11  Circuit warns us and wants us to sua sponte check subject
12  matter jurisdiction.  They get very upset when there's an
13  appeal and it turns out there's no subject matter
14  jurisdiction and the parties and the judge did not raise it.
15  And we're supposed to look into these issues right away so
16  that it doesn't go to the Second Circuit after a two-week
17  trial and then, finally, somebody, the losing party usually,
18  will all of a sudden come up to the Second Circuit and raise
19  the issue that, gee, there was never subject matter
20  jurisdiction.  Well, they get sanctioned for not raising the
21  issue earlier, but the whole case then gets thrown out and
22  two weeks are wasted.  And that's just what I look like I'm
23  facing here.
24          And so, I believe I know what I am going to
25  do and I am ready to do it, unless either one wants to --

THERESA J. BERICAL, RPR, CRR
UNITED STATES COURT REPORTER - NDNY

Contec v. Remote Solution - 03-CV-910　　　　　　　　　　10

1　　　　　MR. STEIN: Well, I have two requests. One
2　request is that I can go back to the office to look into the
3　issue and maybe convince you that there is subject matter
4　jurisdiction by filing a paper. And the second is if we
5　could just file the amended complaint without dismissing the
6　originally-filed complaint.
7　　　　　THE COURT: Anything further?
8　　　　　MR. WILLIAMS: Your Honor, just two
9　observations: One is the complaint does allege a contract
10　with Contec and Remote; that's admitted in the answer. The
11　answer says there was such a contract. The motion papers
12　served by Remote say the same thing. That's what's on the
13　face of the complaint. What the Court is doing looking at
14　the underlying documents, I understand that, but the other
15　point I make, your Honor, I believe the parties are all
16　here, the issue is fully briefed, it's a matter of a
17　technicality, at best. I think we can amend nunc pro tunc
18　now and decide the matter which is otherwise to be decided.
19　　　　　THE COURT: All right. Contrary to what you
20　just said, Mr. Williams, this is not merely a technicality.
21　This is a matter whether I have jurisdiction or authority to
22　do anything in this matter. And as we now stand, pursuant
23　to Federal Rule Civil Procedure 12(h)(3), an action must be
24　dismissed when it appears that subject matter jurisdiction
25　is lacking. Here, plaintiff seeks relief based upon an

THERESA J. BERICAL, RPR, CRR
UNITED STATES COURT REPORTER - NDNY

Contec v. Remote Solution - 03-CV-910                          11

1  admitted contract between Contec, LP, regardless of what's
2  in the complaint, and defendant Remote Solution.  The
3  plaintiff, Contec Corp., is not a signatory to the contract
4  and, therefore, lacks standing to assert rights under it.
5  No reference is made in the complaint to Contec, LP, at all.
6              Contec Corporation argues in reply that it is
7  the successor in interest to Contec, LP, and Contec, LLC,
8  and, therefore, is a party to the agreement.  Further,
9  Contec Corp. contends that Remote Solution waived any
10 objection to an assignment of contractual rights or is
11 equitably estopped from asserting that the mere change of
12 corporate form constitutes an assignment prohibited by the
13 agreement.
14             While it appears that Contec Corp. may be
15 correct, that a change in corporate form, i.e., a successor
16 in interest would not conflict with the nonassignment
17 clause, it still appears, from the face of the complaint,
18 that subject matter jurisdiction is lacking.  In fact, at
19 present, subject matter jurisdiction is, in fact, lacking.
20             Therefore, the complaint will be dismissed,
21 without prejudice, to file an amended complaint asserting
22 proper subject matter jurisdiction on or before October 10,
23 2003.  The motion and cross-motion in this case are
24 dismissed as moot, without prejudice, to renew within
25 30 days after the filing of the amended complaint, if any.

                    THERESA J. BERICAL, RPR, CRR
                    UNITED STATES COURT REPORTER - NDNY

Contec v. Remote Solution - 03-CV-910                                    12

1          This is the decision of the Court.  No
2    written decision will follow.  A summary order will be
3    filed.
4          Anything further, gentlemen?
5          MR. HELLER:  No, Judge.
6          MR. STEIN:  No, your Honor.
7          (This matter adjourned at 12:52 PM.)
8                        - - - - -

THERESA J. BERICAL, RPR, CRR
UNITED STATES COURT REPORTER - NDNY

1   CERTIFICATION:

2

3

4        I, THERESA J. BERICAL, RPR, CRR, Official Court

5   Reporter in and for the United States District Court, Northern

6   District of New York, do hereby certify that I attended at

7   the time and place set forth in the heading hereof; that I

8   did make a stenographic record of the proceedings held in

9   this matter and cause the same to be transcribed; that the

10  foregoing is a true and correct transcript of the same and

11  the whole thereof.

12

13

14

15

16        THERESA J. BERICAL, RPR, CRR

17        Official Court Reporter

18

19

20

21  DATE:  October 2, 2003

22

23

24

25

THERESA J. BERICAL, RPR, CRR
UNITED STATES COURT REPORTER - NDNY