IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REMOTE SOLUTION CO., LTD., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 06-004-KAJ |
| ) | |
| FGH LIQUIDATING CORP. f/k/a ) | |
| CONTEC CORPORATION, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM ORDER

### I. INTRODUCTION

Before me is a Motion for Reconsideration and to Amend (Docket Item ["D.I."] 17; the "Motion"), filed by Remote Solution Co., Ltd. ("Remote Solution"), with respect to my Memorandum Order of September 22, 2006 (D.I. 16), in which I denied Remote Solution's Motion to Vacate or Modify Arbitration Awards (D.I. 1) for failing to set forth a proper basis for subject matter jurisdiction (D.I. 16 at 3). Remote Solution requests that I reconsider my decision, or, in the alternative, that I amend the Order to permit Remote Solution to cure the jurisdictional defect. (D.I. 17 at 4.) The respondent, FGH Liquidating Corp. f/k/a Contec Corporation ("Contec"), asks only that Remote Solution's present Motion be decided promptly so that, if necessary, it can file an application to confirm the arbitration award within the time frame set forth by 9 U.S.C. § 9. (D.I. 20.) For the reasons that follow, the Motion will be granted to the extent that Remote

Solution will be allowed to renew its previous motion to vacate or modify the arbitration award.

## II.   DISCUSSION

In my Memorandum Order of September 22, 2006, I denied Remote Solution's motion to vacate or modify the arbitration award because it incorrectly claimed that the court had subject matter jurisdiction pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* (D.I. 16 at 1-2.) In addition, the motion failed to allege facts from which I could conclude that the requirements of diversity jurisdiction under 28 U.S.C. § 1332 were satisfied. (*Id.* at 2-3.) However, I did not deny the motion with prejudice. (See *id.* at 3.) Accordingly, Remote Solution will have the opportunity to renew its motion and establish proper grounds for subject matter jurisdiction. Contec simply requests that the jurisdictional issue be resolved, so that the arbitration award, if not vacated or modified, can be confirmed. (D.I. 20.) Since it does not appear that Contec will be prejudiced in any fashion, the renewed motion will relate back to the original filing date of January 3, 2006, to avoid any dispute regarding its timeliness. *See* 9 U.S.C. § 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered.").

In its brief opposing Remotion Solution's motion to vacate or modify the arbitration award, Contec applied for an order confirming the award. (D.I. 10 at 1-2; *id.* at 34.) According to 9 U.S.C. § 9, "at any time within one year after the award is made any party to the arbitration may apply to the court so specified [by the parties' arbitration agreement] for an order confirming the award." The arbitration agreement involved in

2

this case states that "judgment upon the award so rendered may be entered and enforced in any court of competent jurisdiction." (D.I. 9, Ex. E at 10.) Therefore, if Remote Solution files an amended and renewed motion that properly pleads a basis for subject matter jurisdiction, I will consider the merits of its motion to vacate or modify the arbitration award, as well as Contec's application to confirm the award, in light of the arguments already made by the parties. Contec may, of course, independently file a request for confirmation of the award, regardless of what Remote Solution chooses to do. See 9 U.S.C. § 9.

### III.  CONCLUSION

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that the Motion (D.I. 17) is GRANTED to the extent that Remote Solution can renew and amend its motion to vacate or modify the arbitration award (D.I. 1), such motion to relate back to the original filing date, January 3, 2006.

_____
UNITED STATES DISTRICT JUDGE

December 5, 2006
Wilmington, Delaware